**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| ANGELA GREER, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF ANDREW GREER, DECEASED | PLAINTIFF |
| VS. | CAUSE NO. 5:23-cv-26-DCB-LGI |
| GENERAL MOTORS, LLC, ONSTAR, LLC, JOHN AND JANE DOES 1-10, and ABC CORPORATIONS 1-10 | DEFENDANTS |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**JURY TRIAL REQUESTED**

COMES NOW, ANGELA GREER, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF ANDREW GREER, DECEASED, Plaintiff herein, by and through undersigned counsel, and files this Complaint against GENERAL MOTORS, LLC, ONSTAR, LLC, JOHN AND JANE DOES 1-10, and ABC CORPORATIONS 1-10, and in support thereof, would show as follows:

**I.  PARTIES**

1.1     Plaintiff, Angela Greer, individually and on behalf of the wrongful death beneficiaries of Andrew Greer, deceased, is an adult resident citizen of Bogue Chitto, Mississippi.

1.2     Made Defendants herein are the following:

A.     Defendant, GENERAL MOTORS, LLC (hereinafter referred to as "GM"), on information and belief, is a foreign limited liability company organized under the laws of the State of Delaware and licensed to do business in and doing business in the State of Mississippi. GM may be served with process through its registered agent for service of process, Corporation

1

Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110, or alternatively at their corporate location, 300 Renaissance Center, Detroit, Michigan 48265.

  B. Defendant, ONSTAR, LLC (hereinafter referred to as "OnStar"), on information and belief, is a foreign limited liability company organized under the laws of the State of Delaware and licensed to do business in and doing business in the State of Mississippi. OnStar is believed to be a subsidiary of GENERAL MOTORS, LLC. OnStar may be served with process through its registered agent for service of process, Corporation Service Company, 109 Executive Drive, Suite 3, Madison, Mississippi 39110, or alternatively at their corporate location, 400 Renaissance Center, Detroit, Michigan 48265.

  C. Defendants John and Jane Does 1-10 are parties whose names or identities are currently unknown to Plaintiff despite reasonable efforts to identify such parties. Nevertheless, these parties separately, severally, combined, and individually, whose conduct is set forth herein, caused or contributed to the damages incurred by the Plaintiff as a result of the subject incident referenced below. When the true name of such unknown parties is identified, Plaintiff will seek to amend its Complaint and identify the name of such parties pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

  D. Defendants ABC Corporations 1-10 are parties whose names or identities are currently unknown to Plaintiff despite reasonable efforts to identify such parties. Nevertheless, these parties separately, severally, combined, and individually, whose conduct is set forth herein, caused or contributed to the damages incurred by the Plaintiff as a result of the subject incident referenced below. When the true name of such unknown parties is identified, Plaintiff will seek to amend its Complaint and identify the name of such parties pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

1.3     Defendants herein are jointly and individually indebted unto Plaintiff for such damages as are reasonable in the premises, together with legal interest thereon, from the date of judicial demand until paid, and for all costs of these proceedings, for the following non-exclusive reasons.

## II.     JURISDICTION AND VENUE

2.1     This Court has diversity subject matter jurisdiction under 28 U.S.C. §1332, because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00. As alleged herein, Plaintiff is a citizen of Bogue Chitto, Mississippi, and Defendants are citizens of the state of Delaware.

2.2      The damages of Plaintiff, Angela Greer, and the injuries sustained by that of the deceased, Andrew Greer, occurred because of Defendants' researching, manufacturing, developing, distributing, marketing, and sale of the Subject Vehicle, and its continual failure to warn of the severe risks to operator or consumer, and the motoring public in general, substantially exceeds $75,000.00.

2.3     Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391 because the acts of the Defendants caused harm to Plaintiff in Lincoln County, Bogue Chitto, Mississippi.

## III.  PROCEDURAL CAPACITY

3.1     Plaintiff, Angela Greer, is the surviving mother of Andrew Greer, Deceased.  At all relevant times to this lawsuit, Angela Greer was a U.S. citizen and resident of Bogue Chitto, Lincoln County, Mississippi, and brings suit in her individual capacity and as representative of the wrongful death beneficiaries of Andrew Greer.

## IV.  OPERATIONAL FACTS

4.1     The "Subject Vehicle" made the basis of this suit was a 2018 Buick LaCrosse bearing vehicle identification number 1G4ZP5SZ4JU128582 that was designed, manufactured, and marketed by Defendant GM.  Prior to the collision, the Subject Vehicle had not been changed or altered and was in substantially the same condition at the time of the accident that it had been in when it left the control of GM.

4.2     The Subject Vehicle was purchased by Angela Greer on or about May 21, 2019, from Star King Chevrolet, Inc. in Brookhaven, Mississippi.  The Subject Vehicle was equipped with OnStar, an in-vehicle safety and security system, which when properly functioning, provides automatic crash response assistance, roadside assistance, and remote door unlock. At the time of the purchase Angela Greer purchased with the vehicle the OnStar subscription, which she paid monthly, that would notify police and emergency personnel when a severe crash occurred.

4.3     On or about January 2, 2021, Andrew Greer was operating the Subject Vehicle in a safe and prudent manner southeast on Topisaw Drive in Lincoln County, Mississippi. While approaching a bend on the Topisaw road, the subject 2018 Buick LaCrosse had a tire failure and veered from the right lane to the left side of the two-lane roadway, eventually making a frontal impact with a tree, which caused the vehicle to come to a rest.



4.4     Subsequent to the frontal collision with the tree, although properly restrained, due to the lack of crashworthiness and the defective design of the fuel system, the subject Buick LaCrosse fuel system leaked, causing the vehicle to catch fire. Time passed and the flames grew to engulf the entire vehicle, including its driver, Andrew Greer. Emergency responders did not arrive in enough time to get Andrew Greer out of the vehicle.



4.5     Following the impact with the tree and the vehicle catching fire, Andrew Greer was alive in the vehicle where he began to breath in the toxic smoke that emanated from the fire. He breathed in the smoke and fumes for some 15 to 20 mins before the vehicle became fully engulfed

5

in flames. A subsequent autopsy revealed that Andrew Greer died from smoke inhalation and blunt force trauma. Andrew was alive and breathing while he awaited emergency personnel that were to be called by Defendant OnStar to arrive.



4.6. Data from the crash was recorded by the systems on board the vehicle and sent to Defendant OnStar and GM. The crash sequence caused the computer algorithms in the airbag control module to wake up and upon impact with the tree data were captured and stored in the airbag control module. The OnStar system that was on the vehicle was marketed as a safety feature for the vehicle and there are numerous television commercials that show single vehicle accidents just like the one made the basis of this suit and OnStar personnel immediately coming onto the

intercom system and calling emergency personnel to help. Unfortunately for Mr. Greer and his family, OnStar failed to do as promised.



4.7     On the date of the crash a signal was sent from the Subject Vehicle to OnStar concerning the occurrence of a severe crash so that OnStar personnel would call 911 as they were obligated to do. Although OnStar received the data, they did not call emergency personnel to help Mr. Greer and his family. The OnStar in-vehicle safety and security system failed to function or did not perform as it was designed or intended in this foreseeable crash.

 

| System Status at Event (Record 1) | |
|---|---|
| Complete File Recorded (Event Recording Complete) | Yes |
| Event Record Type | Deployment |
| Crash Record Locked | Yes |
| OnStar Deployment Status Data Sent | Yes |
| OnStar SDM Recorded Vehicle Velocity Change Data Sent | Yes |

7

## V. CAUSES OF ACTION AGAINST GENERAL MOTORS, LLC

5.1     Plaintiff hereby incorporates the factual assertions in the above sections as if they were restated here verbatim.

**A.     Design Defect**

5.2     Defendant, GM, designed, developed, manufactured, assembled, marketed and sold the 2018 Buick LaCrosse vehicle, bearing VIN 1G4ZP5SZ4JU128582.

5.3     The Subject Vehicle was defective in design for its intended use which made the product unreasonably dangerous to the user, operator or consumer, and the motoring public in general.  Specifically, the vehicle's fuel system and OnStar crash detection and reporting system failed to function as they were intended to perform and as it was designed for in an anticipated accident sequence.  More specifically, the vehicle leaked fuel, then caught fire and eventually engulfed the entire vehicle and Mr. Greer.  Further, the OnStar accident detection and reporting system failed to call 911 so that a 911 operator could promptly dispatch emergency personnel in a fast and deliberate manner.

5.4     These defects existed at the time the vehicle left the control of Defendant GM.

5.5     At the time the defective vehicle left the control of Defendant GM, safer alternative designs and components existed that were both economically feasible and technologically available.

5.6     The safer alternative designs and components would not decrease the utility of the vehicle in any significant regard that would warrant and cause their exclusion.

5.7     Defendant GM failed to incorporate the economically feasible and technologically available safer alternative designs and components that would have prevented the Subject Vehicle's safety features from failing in a foreseeable accident.

5.8     At the time of the accident in question, the Subject Vehicle was in substantially the same condition as it was when it was placed into the stream of commerce by Defendant GM.

5.9     Defendant GM placed the Subject Vehicle on the market with knowledge that it would be used without inspection for defects and dangers.

5.10    Defendant GM knew or should have known that the ultimate user, operator or consumer would not and could not properly inspect the vehicle for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capacities of such persons.

5.11    The Subject Vehicle was defective and unreasonably dangerous to the ultimate user, operator or consumer, and the motoring public in general, when sold and distributed by Defendant GM.

5.12    The Subject Vehicle's in-vehicle safety and security system was defectively designed and implemented as it failed to notify emergency services of the collision, increasing the likelihood of serious injury and/or death after the colliding event.

5.13    All of these defects existed at the time the vehicle left the control of Defendant GM.

5.14    The unreasonably dangerous design defects were a substantial cause of the damages, injuries and losses sustained by the Plaintiff and the decedent, Andrew Greer.

5.15    The Subject Vehicle was defective and unreasonably dangerous to the user, operator or consumer, and the motoring public in general, when sold and distributed by Defendant GM.

B.  **Breach of Express Warranties**

5.16    Defendant GM sold the Subject Vehicle with the OnStar in-vehicle security and safety system and a fuel system that was in a defective and unreasonably dangerous condition that breached express warranties.

5.17    Defendant GM breached its duty of reasonable care owed to Andrew Greer in one or more of the following ways:

(a) Failing to manufacture and implement the in-vehicle security and safety system within the Subject Vehicle to perform as an ordinary consumer would expect under normal and ordinary use; and

(b) Failing to warn users of the Subject Vehicle of the defect in the fuel system.

5.18    This breach of express warranties was a substantial cause of the damages, injuries, and losses sustained by Plaintiff and the decedent, Andrew Greer.

C.  **Inadequate Warning**

5.19    Both prior to and subsequent to the sale of the Subject Vehicle, Defendant GM designed, manufactured, distributed and sold the Subject Vehicle with inadequate warnings.

5.20    Specifically, the Subject Vehicle had absolutely no warning on it concerning:

(a) The defective and unreasonably dangerous fuel system that failed in this foreseeable crash; and

(b) The defective and unreasonably dangerous OnStar in-vehicle safety and security system.

5.21    The likelihood and gravity of danger associated with the Subject Vehicle, and the feasibility of adding the proper warnings, far outweighed the ability of the user, operator or consumer, and the motoring public in general, to anticipate the risk.

5.22    The inadequate warnings were a substantial cause of the damages, injuries, and losses sustained by the Plaintiff and the decedent, Andrew Greer.

5.23    The damages, injuries, and losses sustained by the Plaintiff and the decedent, Andrew Greer, because of the defective and unreasonably dangerous nature of the Subject Vehicle, arose from the reasonably anticipated use and/or reasonably anticipated alteration or modification of the Subject Vehicle.

**D.     Negligence**

5.24    Plaintiff would show that Defendant GM committed acts and/or omissions that constitute negligence and its actions and/or failure to act properly and responsibly are the direct, producing and proximate cause of the incident and the injuries sustained by the Plaintiff. Defendant GM failed to use ordinary care in the design, development, manufacture, marketing, assembly and sale of the Subject Vehicle.  Defendant GM had a duty to exercise ordinary care in performing the above actions. Defendant GM breached the duty of care in the following ways:

1. Defendant GM knew or should have known that the defective fuel system design would provide the operator or consumer, and the motoring public in general, with an unreasonably dangerous hazard and risk of injury and/or death.

2. Defendant GM knew or should have known that the OnStar in-vehicle safety and security system would not provide additional protection to the user, operator or consumer, and to the motoring public in general, in the event of a collision event such as the one involving the Subject Vehicle.

3. Designing, developing, manufacturing, marketing, assembling and selling a motor vehicle with known design flaws in the fuel system and the OnStar system.

4. Opting to re-use the defective designs year after year instead of protecting the safety of the user, operator or consumer of the Subject Vehicle, and the motoring public in general.

5. Choosing not to fully and accurately disclose the design defect of the occupant restraint system to the user, operator or consumer of the Subject Vehicle, and to the motoring public in general.

6. Choosing not to fully and accurately disclose the design defect of the frontal OnStar in-vehicle safety and security system to the user, operator or consumer of the Subject Vehicle, and to the motoring public in general.

7. Failing to provide a safe vehicle to the user, operator or consumer, and to the motoring public in general.

8. Any and all other acts of negligence and/or legal fault, which will be proven at a trial on the merits.

These acts of negligence, individually and/or collectively, were a producing and proximate cause of the damages, injuries and losses sustained by Plaintiff, Angela Greer, and the decedent, Andrew Greer.

**E.   Misrepresentation**

5.25   Defendant GM misrepresented the character and quality of the Subject Vehicle.

5.26   Defendant GM is guilty of misrepresentation by advertising and labels otherwise made to the user, operator or consumer, and to the motoring public in general.

5.27   Defendant GM is guilty of misrepresentations of material fact concerning the safety of its vehicles in general and of the 2018 Buick LaCrosse vehicle, in particular.

5.28   Such misrepresentations were justifiably relied upon.

### VI.  CAUSES OF ACTION AGAINST ONSTAR, LLC

**A.   Negligence**

6.1   Plaintiff would show that Defendant OnStar committed acts and/or omissions that constitute negligence and its actions and/or failure to act properly and responsibly are the direct, producing and proximate cause of the incident and the injuries sustained by the Plaintiff. Defendant OnStar failed to use ordinary care in the design, development, manufacture, marketing, assembly and sale of the OnStar System.  Further, it failed to use ordinary care in the monitoring and providing of emergency services with the OnStar system.   Defendant OnStar had a duty to exercise ordinary care in the performance of the above.   Defendant OnStar breached the duty of care in the following ways:

1. Defendant OnStar knew or should have known that the defective monitoring and response system would provide the operator or consumer, and the motoring public in general, with an unreasonably dangerous hazard and risk of injury and/or death.

2. Defendant OnStar knew or should have known that the OnStar in-vehicle safety and security system would not provide additional protection to the user, operator, or consumer, and to the motoring public in general, in the event of a collision event such as the one involving the Subject Vehicle.

3. Designing, developing, manufacturing, marketing, assembling, and selling the OnStar System with known design flaws.

4. Opting to re-use the defective designs year after year instead of protecting the safety of the user, operator or consumer of the Subject Vehicle, and the motoring public in general.

5. Choosing not to fully and accurately disclose the design defect of the OnStar System to the user, operator or consumer of the Subject Vehicle, and to the motoring public in general.

6. Choosing not to fully and accurately disclose the design defect of the l OnStar in-vehicle safety and security system to the user, operator or consumer of the Subject Vehicle, and to the motoring public in general.

7. Any and all other acts of negligence and/or legal fault, which will be proven at a trial on the merits.

6.2     These acts of negligence, individually and/or collectively, were a producing and proximate cause of the damages, injuries and losses sustained by the Plaintiff, Angela Greer, and the decedent, Andrew Greer.

**B.     Design Defect**

6.3     The Subject Vehicle's OnStar system was defective in design for its intended use which made the product unreasonably dangerous to the user, operator or consumer, and the motoring public in general.  Specifically, the OnStar crash detection and reporting system failed to function as they were intended to perform and as it was designed for in an anticipated crash. Further, the OnStar accident detection and reporting system failed to call 911 so that a 911 operator could promptly dispatch emergency personnel in a fast and deliberate manner.

6.4 These defects existed at the time the OnStar System left the control of Defendant.

6.5 At the time the defective OnStar system left the control of Defendant there existed safer alternative designs and components that were both economically feasible and technologically available.

6.6 The safer alternative designs and components would not decrease the utility of the OnStar system in any significant regard that would warrant and cause its exclusion.

6.7 Defendant OnStar failed to incorporate the economically feasible and technologically available safer alternative designs and components that would have prevented the Subject Vehicle's safety features from failing in a foreseeable accident.

6.8 At the time of the accident in question, the Subject Vehicle's OnStar System was in substantially the same condition as it was when it was placed into the stream of commerce by Defendant OnStar.

6.9 Defendant OnStar placed the Subject Vehicle's OnStar System on the market with knowledge that it would be used without inspection for defects and dangers.

6.10 Defendant OnStar knew or should have known that the ultimate user, operator, or consumer would not and could not properly inspect the vehicle's OnStar System for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capacities of such persons.

6.11 The Subject Vehicle was defective and unreasonably dangerous to the ultimate user, operator or consumer, and the motoring public in general, when sold and distributed by Defendant OnStar.

6.12    The Subject Vehicle's in-vehicle safety and security system was defectively designed and implemented as it failed to notify emergency services of collision, increasing the likelihood of serious injury and/or death after the colliding event.

6.13    All of these defects existed at the time the vehicle's OnStar system left the control of Defendant, OnStar.

6.14    The unreasonably dangerous design defects were a substantial cause of the damages, injuries and losses sustained by Plaintiff, Angela Greer, and the decedent, Andrew Greer.

6.15    The Subject Vehicle's OnStar System was defective and unreasonably dangerous to the user, operator or consumer, and the motoring public in general, when sold and distributed by Defendant GM.

## VII.  DAMAGES

7.1    As a proximate result of the fault of the Defendants and their acts and omissions as alleged above, and because of the harm and injury to the decedent Andrew Greer, Plaintiff prays for recovery and reimbursement for the following items of damage suffered by Andrew Greer prior to his death:

        (a)    Physical pain, suffering and distress;
        (b)    Mental pain, suffering and distress;
        (c)    Judicial interest from the date of demand; and
        (d)    All other items of damages that may be recoverable.

7.2    As a proximate result of the fault of the Defendants and their acts and omissions as alleged above, Plaintiff brings this wrongful death action for the damages which she has suffered and continues to suffer as a result of the death of her son, Andrew Greer at the hands of the Defendants, including but not limited to the following:

        (a)    Loss of love and affection, past and future;
        (b)    Loss of society, past and future;
        (c)    Loss of services and support, past and future;

      (d)    Loss of benefits, including lost wages, past and future;
      (e)    Mental pain, suffering and distress, past and future;
      (f)    Funeral and burial expenses;
      (g)    Medical expenses;
      (h)    Judicial interest from the date of demand;
      (i)    All other items of damages that may be recoverable; and
      (j)    All damages allowable to Plaintiff for the violation of the Mississippi Products Liability Act.

7.3    Damages exceed seventy-five thousand dollars ($75,000.00).

7.4    Damages exceed the threshold requirement for a trial by jury; accordingly, Plaintiff hereby prays for a trial by jury.

## PRAYER

WHEREFORE, Plaintiff, ANGELA GREER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF ANDREW GREER, DECEASED, prays as follows:

      (a)    That Defendants ONSTAR CORPORATION and GENERAL MOTORS COMPANY be served with a copy of this petition and cited to appear and answer;

      (b)    That, after the lapse of all legal delays and due proceedings are had, that there be a judgment rendered in favor of Plaintiff and against Defendants jointly;

      (c)    That Plaintiff be awarded all damages as described above, with legal interest from the date of judicial demand until paid, court costs, and all other just and equitable relief as the nature and equity of the case may permit or require; and

      (d)    Afford Plaintiff a trial by jury as to all issues raised in this Original Complaint; and

      (e)    Award any and all further relief allowed by law or equity and that this Court deems just and proper.

RESPECTFULLY SUBMITTED, this the 11th day of April, 2023.

            ANGELA GREER, INDIVIDUALLY AND
            AS REPRESENTATIVE OF THE ESTATE
            OF ANDREW GREER, DECEASED,
            Plaintiff

      By:    */s/ David Lee Gladden, Jr.*
            DAVID LEE GLADDEN, JR., ESQ.

OF COUNSEL:
David Lee Gladden, Jr. (MSB #100839)
Bridget K. Harris (MSB #100351)
GLADDEN & INGRAM, PLLC
455 Pebble Creek Drive
Madison, Mississippi 39110
Post Office Box 2970
Madison, Mississippi 39130
Tel: (601) 707-5903
Fax: (601) 707-5915
Email: lgladden@gladdeningram.com
Email: bharris@gladdeningram.com
Web: www.gladdeningram.com

*In association with:*

Joseph E. Ritch (TX State Bar #24037364)
ELLIOTT & RITCH, L.L.P.
321 Artesian Street
Corpus Christi, TX 78401
Telephone: (361) 883-3000
Fax: (361) 883-3003
Email: jritch@elliottritch.com
*Pro Hac Vice to be Filed*

**ATTORNEYS FOR PLAINTIFF**